IN THE

# SUPREME COURT

OF

# NEW JERSEY,

## NOVEMBER TERM, 1795.

[379]      DEN v. POND AND PINE.

1. Where a party relies upon a paper as proof of title, which he alleges to be lost, he may prove either the fact of the loss or the existence of the instrument first, as suits him.

2. Whether a certain book in a public office contained " deeds and surveys," must be proved by the production of the book itself, and not by the oath of the officer.

3. Proof that one was reputed to be a deputy surveyor, and acted in that capacity, is evidence of a deputation.

4. Sharp's Book of Surveys has always been held admissible evidence in deducing titles under the West Jersey proprietors.

5. The record of a survey which called for corners and courses of another survey, is not evidence of the existence or boundaries of such other survey.

In ejectment.   Trial at bar.

Upon the trial of the cause, the following points were ruled by the court, Kinsey, C. J., being absent, having an interest in the case:

1st. The title of the plaintiff depended on a survey alleged to have been made for one Royden, in the year ——, and lost by fire.   A witness was called to prove that, at a certain time, the records of Gloucester county were destroyed by fire.

434

*Leake* and *Aa. Ogden,* for the defendant, objected to proof of the destruction, before a legal ground for the admission of the evidence was laid, by proving, in the first place, the existence of the survey.

It is an essential preliminary, before evidence is admitted of the loss of a paper, to show that the title deed or survey had a legal execution or perfection ; when that is made out, · the rules of law permit the party to prove its contents or loss.

It is not denied that a plaintiff in ejectment may begin with any link of his title, provided the proof offered is of itself legal evidence ; but the testimony now offered is not evidence until the previous fact of a legal survey is first established. The law admits the proof of a bond by testimony establishing the handwriting of the witnesses, but not until their absence or death is first made out. It is secondary evidence, and the reasons of its production must first be shown.

The course proposed will frequently occasion a needless waste of time. After having, through a series of tedious testimony, reached the fact of a destruction, it may all be rendered unnecessary by a failure in the proof of the existence of the paper or its contents.

*R. Stockton* for the plaintiff. There is no rule of law which prevents a party from pursuing that order in the introduction of his testimony which he deems expedient. · The plaintiff relies upon a survey not now to be found, in which case [380] the law requires him to prove its existence, loss, and contents ; and it is altogether discretionary with him whether he begins by proving the existence of the instrument or its loss.

The case of a bond, cited by Mr. Leake, is unquestionable law, and would be analogous to the present case, had we attempted to prove the contents in the first place. But the proof of the loss is a part of the preliminary proof which that case requires.

The argument drawn from the waste of time proves too

much for even the defendant's objection ; it would require the existence, loss, and contents to be proved together, and not consecutively, in any order.    A failure in either point of the case would render the whole evidence useless.

PER SMITH, J., (CHETWOOD, J., assenting.)  We think the plaintiff is at liberty to adduce his testimony in the way he thinks most advantageous for himself.

2d.  Mr. Adams (secretary of state) was called, on the part of the plaintiff, to prove there was a public book in his office, of deeds and surveys made in Gloucester county, in order to warrant an inference that deeds and surveys were formerly recorded together in that county.

The counsel for defendant objected that the book itself should be produced.

. *Stockton* and *Ab. Ogden, contra*.   The rule with respect to producing the best evidence which the nature of the case permits, is inapplicable to the case before the court, where it is not intended to prove the contents of a particular deed or survey as evidence, or the contents of the book at large, but merely the fact of the existence of a book of deeds and surveys ; of this, no more satisfactory evidence can be produced than the testimony offered.

The act of assembly of November 23d, 1791, prohibits the removal of books of record ; and if copies were necessary, it would compel us to produce a copy of the whole book.

The officer is a sufficient judge of the question whether surveys, as well as deeds, are entered of record in the book referred to.   If it was a question whether a certain book con-[381]-tained both laws and resolutions of the legislature, the clerk's certificate on oath would be good evidence of the fact.

*Leake* and *Aa. Odgen*, in reply.  The book is the best and only evidence of the fact alleged, and might have been brought with a *subpœna duces tecum*.   The act cited referred only to

cases where a copy could be evidence, which is not the case here. The issue is *devisavit vel non*, and the existence of the book, its condition, and general contents are to be proved; surely it must be by producing the original, and not by collateral, which must necessarily be inferior evidence.

SMITH, J., (CHETWOOD, J., assenting.) The book itself should be produced; that will show what it really is. If copies would have answered, the plaintiff should have come prepared with them; if they would not, it is a case out of the act and the book itself must be brought.

3d. It became a question whether one Thomas Sharp, was a deputy surveyor of the proprietaries. The counsel for the plaintiff contended it was sufficient to show he acted as such; that he was generally reputed to be a legal surveyor, and they said being a private authority it was not provable.

PER CUR. You may prove that he acted as surveyor in the locating of lands, and was generally presumed to hold the situation; this will be evidence of a deputation.

4th. The plaintiff offered sworn copies of maps and surveys extracted from Sharp's book, in evidence.

The counsel for defendant objected—

1st. That the book itself was not a book of record nor made so by act of assembly, but merely a private collection of maps and surveys, and if evidence at all, the original must be produced.

2d. Neither the act of March 27th, 1719, § 10, (*Allinson*, 43, 50,) nor that of December 2d, 1743, § 8, (*Allinson* 132, 4,) made copies of such books evidence; the first having reference only to copies of surveys after 1719, and enacting that surveys antecedently collected should be kept in the office, making a clear distinction between them; and the latter act applying only to deeds [382] and conveyances acknowledged in the manner directed in the second section.

For the plaintiff it was answered—admitting the rule of

law with respect to originals of a private nature to be as is contended by the other side, yet sworn copies of books of a public nature, though not records, were admissible evidence. *Lynche* v. *Clerke*, 3 *Salk.* 154.   See also *Smartle* v. *Williams*, 1 *Salk.* 280.

The words in the act of 1719 are general, and those which apply to prior surveys are tantamount to making the files of them records, or at least puts them on a footing with papers of a public nature not removable by subpœna.

PER CUR.   After consultation with the Chief Justice Sharp's Book of Surveys has always been held admissible evidence.

The plaintiff having the book produced it, so that the question whether sworn copies from it were legal testimony was not decided.

5th. The plaintiff then offered to read out of this book a survey of one Collins, which had been recorded, calling for corners and courses of Royden's survey, contending this was good evidence of the existence of such survey, of its boundaries or the *locus in quo*.

The evidence was objected to, first, because *res inter alios acta*; second, because actually recorded prior to the pretended survey for Royden—and overruled by the court, who considered it as too vague to be admitted as evidence of the survey in question.

CITED *in Stout* v. *Hopping*, 1 *Hal.* 125.